**KAPPA SIGMA FRATERNITY, et al.**

v.

**KAPPA SIGMA GAMMA FRATERNITY, et al.**

**Civ. No. 85–721–D.**

United States District Court,
D. New Hampshire.

April 16, 1987.

Lee, Smith & Zickert by Thomas E. Smith, Chicago, Ill., McSwiney, Jones, Semple & Douglas by Robert J. Lynn, Concord, N.H., for plaintiffs.

Sulloway, Hollis & Soden by Warren C. Nighswander, Concord, N.H., for defendants.

## ORDER

DEVINE, Chief Judge.

The Court presently has before it defendants' motion to reconsider and/or set aside part of its prior Order of February 23, 1987, 654 F.Supp. 1095, and plaintiffs' objection thereto.[1] Specifically, defendants seek the following: (1) modification of paragraph five of the permanent injunctive relief so as to permit defendant Kappa Sigma Gamma Fraternity ("KSG") a reasonable period of up to three months from the date of the Order in which to effectuate fully a change of its name so as not to include any combination of Greek letters which include "Kappa" or "Sigma"; and (2) reversal of the Court's award of reasonable attorney fees to plaintiffs. For the following reasons, the Court grants defendants' motion.[2]

■ First, the Court finds that it is reasonable to give KSG until May 23, 1987, to complete its name change. Plaintiffs' argument that this request is directly contrary to representations made in defendants' motion for extension of time to file the motion for reconsideration until March 25, 1987, and the attached affidavit of counsel (document no. 34) is unfounded. In the first paragraph of this document, defendants clearly put plaintiffs on notice that they intend to challenge the time allowed for transition to a new name as well as the award of attorney fees. Furthermore, while it is true that counsel's attached affidavit implies that a new name was formally adopted at the corporate board meeting of March 29, 1987, selecting the new name does not complete defendants' obligations under paragraph five of the Court's prior Order. The fraternity's name must be changed in all literature, publications, directories, etc., which refer to the organization, and the Court finds that it is reasonable to permit KSG some additional time to complete the change. *See United States Jaycees v. San Francisco Junior Chamber of Commerce,* 354 F.Supp. 61, 78 (N.D.Cal.1972). KSG should continue to make a good-faith effort to effect the name change as quickly as possible,[3] but paragraph 5 on page 21 of the prior Order is hereby modified to give defendants until May 23, 1987, to comply with its terms.

■ Turning to the attorney fees issue, the Court begins by noting that it declines to reexamine or reconsider its prior finding that "defendants willfully and deliberately chose to and so did exploit their former affiliation with Kappa Sigma for a significant period of time after disaffiliation in order to solicit contributions from alumni members of Kappa Sigma." Prior Order at 22. In other words, in making this finding as to defendants' intent, the Court concluded that defendants deliberately chose the name Kappa Sigma Gamma so as to capitalize on their prior affiliation with Kappa Sigma; however, the Court did not mean to

---

1. As the Court directed in the prior Order, plaintiffs have also filed an application for counsel fees and disbursements, and defendants have filed a response thereto. However, in light of the Court's ruling on the instant motion for reconsideration, these are now moot.

2. Defendants have requested a hearing on their motion, but the Court finds it can resolve the issues presented upon the papers filed. *See* Rule 11(g), Rules of the United States District Court for the District of New Hampshire.

3. The Court notes an example of defendants' good-faith efforts to date in that, pending the selection of the new name, the fraternity house residents have been directed to answer the phone "7 Webster Avenue". *See* Affidavit of David C. Hewitt in Support of Defendants' Motion to Reconsider, ¶ 4.

imply that it found an intent either to violate federal trademark law or to deceive the alumni as to KSG's separation from the national fraternity. It was based on this finding that the Court held that the award of attorney fees under 15 U.S.C. § 1117 was appropriate. However, aided now by the parties' briefing of the attorney fees issue and a very recent opinion from the United States Court of Appeals for the First Circuit which discusses this specific issue,[4] the Court, upon reconsideration, sets aside that portion of the prior Order which awarded attorney fees and disbursements to plaintiffs. The Court's reasoning on this point is, briefly, as follows.

The relevant statutory provision, 15 U.S.C. § 1117, provides in pertinent part that the Court "in exceptional cases may award reasonable attorney fees to the prevailing party." The statute does not define "exceptional cases", and the First Circuit, quoting the legislative history, has concluded that the award of attorney fees is within the discretion of the district court and "may be appropriate 'where justified by equitable considerations,' including those where the acts of infringement were 'malicious,' 'fraudulent,' 'deliberate,' or 'willful.' " *VWAG*, *supra* note 4, at 821 (citations omitted).

In *VWAG*, which involved the use of the name "Beetle Barn" by an automobile repair shop which was not affiliated with VWAG, the First Circuit determined that the district court abused its discretion in awarding attorney fees under the standard as described. While *VWAG* and the instant case are not identical, this Court finds that a comparison of the findings made in the two cases dictates that the award of attorney fees herein be reversed. Specifically, the Court finds the respective rulings as to the intent of the infringing parties to be determinative. In *VWAG*, the court found that defendant had chosen the name Beetle Barn with the intent to benefit from VWAG's reputation, but that the evidence did not indicate an intent to deceive customers as to an affiliation with VWAG. *Id.*, at

819. As was previously described, this Court made a parallel finding in the instant case, i.e., that the name Kappa Sigma Gamma was intentionally chosen to benefit from Kappa Sigma's reputation, but that the evidence does not support a finding of an intent to deceive the alumni or the new pledges as to the fraternity's continued affiliation with the national fraternity.

Moreover, as was the case in *VWAG*, various equitable considerations militate against the award of attorney fees in this case. Kappa Sigma has an international membership of more than 132,000 persons and has chapters on or in close proximity to the campuses of 198 colleges and universities in the United States and Canada and alumni chapters in many major cities in the United States. However, Kappa Sigma has had no presence on the Dartmouth College campus since 1980 and has not attempted to reestablish its presence other than through its efforts to gain reaffiliation with KSG. In contrast, KSG has facilities only on the Dartmouth College campus, where there is no Kappa Sigma affiliate with which it can compete for members. Furthermore, KSG's success in soliciting alumni contributions as a local fraternity with a name intentionally chosen to provide a link to its prior status as an affiliate of Kappa Sigma has been limited. As indicated in an attachment to the Hewitt Affidavit, the total amount of alumni contributions to KSG from 1980 through 1986 is $13,123.62.

Finally, this case involves trademark infringement, not in a commercial context, but in the area of fraternal, not-for-profit associations, and the Court finds it would be inequitable to penalize undergraduates who were not involved in the infringement by the assessment of attorney fees.

In summary, the Court, after a careful review of the entire record in this matter and of the relevant case law, concludes that the award of attorney fees and disbursements to plaintiffs contained in the prior

**4.** *Volkswagenwerk Aktiengesellschaft v. Wheeler,* 814 F.2d 812 (1st Cir.1987) [hereinafter *"VWAG"*].

Order was inappropriate and must be reversed.[5] Similarly, the Court finds that paragraph 5 on page 21 of the prior Order [654 F.Supp. at 1103] should be modified to permit defendants three months from the date of its issuance to comply with its terms. Accordingly, defendants' Motion for Reconsideration and/or Setting Aside of Order on Motion for Partial Summary Judgment (document no. 39) is hereby granted.

SO ORDERED.

---

5. However, this ruling in no way affects plaintiffs' right, as the prevailing party on Counts I, II, and III, to seek its court costs at the close of this case pursuant to Rule 54(d), Fed.R.Civ.P.